## SUPREME COURT.

LAWRENCE BURKE, respondent, agt. THEODORE P. NICHOLS, appellant.

In an action for the *foreclosure of a mortgage* given for purchase money, the mort-gagor, in possession of the premises, cannot set up as a *counter-claim* that a part of the house on the lot and some of the fence did not stand upon the lot when conveyed, but belonged to some other person than the grantor, therefore the lat-ter is liable in damages.

A *defect of title*, where the purchaser remains in possession, cannot be set up as a defence to a foreclosure of the mortgage now, any more than before the Code.

*New York General Term, September*, 1861.

*Before* CLERKE, GOULD *and* INGRAHAM, *Justices.*

THIS was an action for the foreclosure of a mortgage given to the grantor by the grantee, for the balance of purchase money. The appellant opposes the foreclosure solely on the ground that a house on the lot which the respondent conveyed by metes and bounds, (and which is not referred to in the deed,) projected over the lot, and in and upon an adjoining lot, fourteen inches; and that a fence, which respondent thought belonged to the lot he purchased, stood some four feet six inches beyond the east-erly bounds of the lot in question, and actually belonged to some other party. The respondent takes the ground that when a mortgagor is in quiet possession under a deed from the mortgagee, with covenant of seisin and of war-ranty, he cannot resist a foreclosure upon the ground that the title conveyed is bad or defective; he must pay the mortgage debt and take his remedy on the covenants, should he be disturbed in his possession.

C. PATTERSON, *for respondent.*
G. P. ANDROUS, *for appellant.*

By the court, INGRAHAM, Justice. The defendant was the purchaser from the plaintiff of a lot of ground, and for

a ‘ part of the consideration money he gave a mortgage thereon. Neither the deed nor mortgage referred to any building on the premises. There was a house standing on the lot, which projected over the adjoining lot. In consequence thereof, the defendant purchased the adjoining lot, and thus became the owner of both lots and of the whole building.

The plaintiff now brings an action to foreclose the mortgage, and the defendant sets up by way of counterclaim the above facts, on which he asks for damages for the portion of the house which stood on the adjoining lot.

On the trial the referee excluded the evidence offered to prove this counterclaim.

There is no doubt the deed of the lot conveyed everything standing upon it, ·whether dwelling or other buildings, fences, &c., that belonged to the vendor, and if there was anything attached to the land that belonged to any other person, the vendee could recover damages under the covenant of seisin. This was settled in the case of *Mott* agt. *Palmer*, (1 *Comstock*, 564,) but that case goes no further. It does not hold what is necessary for the defendant's counterclaim, that where a house stands upon two lots, a conveyance of either makes the grantor liable for the value of that portion of the house which stands on the adjoining lot.

There is no doubt that previously to the adoption of the Code of Procedure, any defect of title, where the purchaser remained in possession, could not be set up as a defence to a proceeding to foreclose the mortgage.

So far as that matter would be a defence, the law remains unchanged, and it is no more a defence now than it was before the Code became a law.

The only question, therefore, which can arise is, whether the defendant could set up this matter as the foundation of a counterclaim.

In *The National Fire Insurance Co.* agt. *McKay* (21 *N.*

*Y. Rep*, 191,) Ch. J. COMSTOCK says, that " a defendant who is personally liable for the debt, may probably introduce an offset to reduce or extinguish the claim." This was not necessary to the decision of that case, and it does not appear that the other judges concurred in that expression of opinion. I understand from another of the justices, that on that point there was no decision. It can hardly, therefore, be considered as authority, although entitled to great weight.

But whether such counterclaim was admissible or not, the evidence offered did not show any right to recover against the plaintiff therefor.

. The deed did not purport to convey any building by description. Whatever right the defendant had to the buildings on the land conveyed, arose from the principle that a man who conveys a lot conveys everything standing on the lot and being affixed to the freehold.

This would give him title to so much of the house as stood on the lot. We have been referred to no authority to show that it gave anything more. . The cases of lights, overhanging gutters, and other matters of a similar nature, do not apply. They rest on a different principle, which cannot be available in this case ; and in most, if not all of the cases, they arise between vendor and vendee, where the vendor owned both pieces of land.

We think the defendant gained no title to the portion of the house which did not stand on the lot conveyed to him, and that the plaintiff was not liable, because part of the house stood on another lot. The clear intent of the deed was not to convey more than one lot, and the rule of construction of deeds is to carry out the intent of the parties.

The defence was properly excluded, and the judgment should be affirmed.

Judgment affirmed with costs.